UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANEL LARSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROUNDY'S ILLINOIS, LLC d/b/a ) <br> MARIANO'S, ) <br> ) <br> Defendant. ) | No. 22 C 4030 <br><br> Judge Sara L. Ellis |
| MELINDA KEARNEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROUNDY'S ILLINOIS, LLC, d/b/a ) <br> MARIANO'S ) <br> ) <br> Defendant. ) | No. 22 C 4051 <br><br> Judge Sara L. Ellis |

**ORDER**

The Court grants Defendant's motions to dismiss [Case No. 22-4030, Doc. 12; Case No. 22-4051, Doc. 11]. The Court dismisses these cases with prejudice. Civil cases terminated.

**STATEMENT**

Plaintiffs Janel Larson and Melinda Kearney, former People Services Managers at Mariano's grocery stores, filed suit against Defendant Roundy's Illinois, LLC ("Roundy's), which operates the Mariano's stores at which they worked, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1. Larson and Kearney's claims originated in another wage and hour action in this district, *Haugen v. Roundy's Illinois, LLC*, No. 18 C 7297. Larson and Kearney filed opt-in consent forms and thus became party plaintiffs in *Haugen* in 2020. On August 5, 2021, however, Judge Bucklo, who presided over *Haugen*, decertified the putative collection action and dismissed the opt-in plaintiffs, including Larson and Kearney. *Haugen v. Roundy's Ill., LLC*, 552 F. Supp. 3d 806 (N.D. Ill. Aug. 5, 2021). On September 13, 2021, Judge Bucklo clarified that she had dismissed the opt-in plaintiffs without prejudice and that the "[d]ismissed opt-in plaintiffs may re-file their claims dismissed by this court on an individual basis on or before October 4, 2021 (60 days following the court's August 5, 2021 order)." *Haugen*, No. 18 C 7297,

Doc. 131. Instead of filing individual actions, Larson, Kearney, and twenty-one other of the opt-in plaintiffs filed a complaint in *Cunningham v. Roundy's Illinois, LLC*, No. 21 C 5368, on October 8, 2021. Judge Kendall, who presided over the *Cunningham* case, granted Roundy's motion to sever, requiring each Plaintiff to individually file amended complaints by August 5, 2022. *Cunningham v. Roundy's Ill., LLC*, No. 21 C 5368, 2022 WL 2463048 (N.D. Ill. July 6, 2022); *Cunningham*, No. 21 C 5368, Doc. 30. Larson, Kearney, and thirteen of the opt-in plaintiffs elected to continue with individual actions.

      Roundy's moved to dismiss each of the fifteen opt-in plaintiffs' cases on the same basis, arguing that the opt-in plaintiffs cannot reassert their claims against Roundy's because the dismissal of their claims without prejudice in *Haugen* converted to a dismissal with prejudice when they failed to file individual complaints by October 4, 2021. Plaintiffs sought to consolidate all the cases for decision before Judge Kendall so that one judge could resolve the "identical" issues presented by Roundy's motions in each case. *Cunningham*, No. 21 C 5368, Doc. 48 at 4–5; *see also Larson*, No. 22 C 4030, Doc. 15 (requesting a stay of the briefing schedule while the consolidation request was pending, noting the "virtually identical issues of law and fact" raised in each case); *Kearney*, No. 22 C 4051, Doc. 13 (same). Although Judge Kendall never ruled on the consolidation motion, she issued an opinion granting Roundy's motion to dismiss and dismissing Cunningham's claims with prejudice. *Cunningham v. Roundy's Ill., LLC*, No. 21 C 5368, 2022 WL 17740421 (N.D. Ill. Dec. 16, 2022). Specifically, Judge Kendall concluded that because the opt-in plaintiffs, including Larson and Kearney, failed to file suit on an individual basis by October 4, 2021, as ordered by Judge Bucklo, the dismissal of their claims without prejudice in the *Haugen* suit converted into a dismissal with prejudice. *Id.* at *4–5 ("A plaintiff's failure to fulfill a condition precedent to reinstate a dismissed complaint within a discreet timeframe indicates the case's finality, even without formal entry of final judgment."); *see also Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 683 (7th Cir. 2008) ("When a judge conditionally dismisses a suit, but gives the plaintiff time to fix the problem that led to dismissal (here, the payment of the filing fee), the order becomes an appealable 'final decision' once the time for correction has expired, whether or not the court enters a final judgment."). Three other judges considering the same arguments have followed Judge Kendall's opinion, concluding that the dismissal with prejudice in *Haugen* means that the opt-in plaintiffs cannot reassert their claims in subsequent lawsuits. *See Ellis v. Roundy's Ill., LLC*, No. 22 C 4050, 2023 WL 376990 (N.D. Ill. Jan. 24, 2023); *Milbourn and Garcia v. Roundy's Illinois, LLC*, Nos. 22 C 3988, 22 C 4056, Docs. 25 (N.D. Ill. Jan. 11, 2023); *Jackson (Powers) v. Roundy's Ill. LLC*, No. 22 C 3992, Doc. 32 (N.D. Ill. Dec. 28, 2022). Given Larson and Kearney's acknowledgment that the issues across the opt-in plaintiffs' cases are virtually identical and their request that Judge Kendall decide all fifteen motions to dismiss to avoid inconsistent rulings, the Court finds it appropriate to grant Roundy's motions to dismiss Larson's and Kearney's complaints with prejudice for the reasons set forth in Judge Kendall's opinion. *See Cunningham*, 2022 WL 17740421.

Date: February 7, 2023                                                     /s/ Sara L. Ellis_____